# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In Re:* **R.H.**

**No. 12-1317** (Monroe County 11-JA-05)

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel John C. Anderson II, from the Circuit Court of Monroe County which terminated her parental rights by order entered on October 12, 2012. The guardian ad litem for the child, Sherri R. Freeman, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Michael Jackson, also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2011, the DHHR filed the petition that initiated this case. Its petition outlined the extensive history of the parents' involvement with Child Protective Services ("CPS"), the parents' extensive history of domestic violence with each other, and Petitioner Mother's history of drug use. In a recent domestic violence episode prior to the DHHR filing its petition, R.H.'s father rammed his vehicle into the other family car, causing gravel to spray onto the child standing in the yard. In retaliation, Petitioner Mother threw a dolly, one normally used for transporting items, through the father's windshield. During the proceedings, Petitioner Mother and R.H.'s father each moved for a post-adjudicatory improvement period. The circuit court denied these motions. At the dispositional hearing, they each again moved for improvement periods. After taking the matter under advisement, the circuit court entered, in October of 2012, its dispositional order terminating the parental rights of both parents. Petitioner Mother appeals.

Petitioner Mother argues that the circuit court erred by terminating her parental rights without an improvement period. She asserts that her actions throughout the case demonstrated that she was willing and able to correct her behavior. Petitioner Mother asserts that throughout the case, she attended meetings for Narcotics Anonymous and anger management classes. She further asserts that she was present at all Multi-Disciplinary Team meetings and all circuit court hearings. Accordingly, Petitioner Mother argues that even though she was willing to fix her negative behaviors, she was never given the opportunity to do so. In response, the child's guardian ad litem and the DHHR contend that the circuit court did not err in terminating Petitioner Mother's parental rights without an improvement period. Both highlight Petitioner Mother's extensive history of domestic violence without any improvement throughout the years, despite services from the DHHR.

1

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of Petitioner Mother's parental rights without a post-adjudicatory improvement period. Pursuant to West Virginia Code § 49-6-12, the subject parent bears the burden of proving that he or she would substantially comply with an improvement period and the circuit court has the discretion to grant or deny this improvement period. The Court finds that the circuit court was presented with sufficient evidence upon which it could have based findings that Petitioner Mother would not substantially comply with an improvement period. Our review also supports the circuit court's findings that there were no reasonable grounds to believe that conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the subject child.

Affirmed.

**ISSUED:** March 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II